Kenneth C. SPENGEL, et al.,
Appellants,

v.

Dr. Owen KANTOR, Defendant.

No. 51189.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer
Denied March 19, 1987.

Case Transferred to Supreme Court
May 19, 1987.

Case Retransferred to Court of
Appeals Sept. 22, 1987.

Original Opinion Reinstated
Oct. 30, 1987.

James F. Koester, St. Louis, for appellants.

Robert Solomon Rosenthal, St. Louis, for defendant.

KAROHL, Judge.

This is a wrongful death action based upon claims of medical malpractice brought by surviving spouse and children of Betty Buenaga. Plaintiffs appeal judgment for defendant in accord with jury verdict for defendant. Plaintiffs pled and relied on the theory of failure to timely discover, diagnose and treat breast cancer which was the cause of death. The facts necessary to decide the issues will be developed as required.

We find preserved and prejudicial error occurred when the court sustained an objection to plaintiffs' closing argument that Henry Buenaga, as spouse, paid medical bills of $59,970.20 and a funeral bill of $4,200 for his wife. Plaintiff argued, "... Henry Buenaga's got some expenses. He paid substantial medical bills and funeral bills, and he certainly has a claim for that. Defendant's counsel: Your Honor, I don't think there is evidence of that, that he paid them. The Court: Sustained."

The ruling of the court on the failure of evidence is factually wrong. The following questions and answers were posed to Henry Buenaga:

Q: Have you paid all of her medical expenses?

A: They have all been paid by me.

Q: Have you paid the funeral expenses?

A: Yes.

These questions and answers were given without objection.

The ruling was prejudicial. It served to withdraw plaintiff's argument on the extent of damages which were supported by the evidence. The only evidence on the expenses comes from the testimony of Henry Buenaga. Ordinarily the non-liability verdict would render a ruling on the question of damages not prejudicial. This proposition is not applicable where the only evidence to support the extent of damages came in the testimony of a witness who also was the only witness on the key fact of non-treatment necessary to support a finding of liability.

Because the evidence did support the argument, the ruling that it did not was or may have been a judicial determination before the jury that Henry Buenaga did not testify truthfully. It was not disputed that Dr. Kantor examined Betty Buenaga in August, 1979, with regard to a lump in her left breast. A mammogram was performed and no diagnosis of cancer made. Henry Buenaga accompanied his wife in March, 1980, when she visited Dr. Kantor to request removal of the lump. Henry testified that Dr. Kantor told them that the lump appeared to have doubled in size, but that there was no need for surgery. Dr. Kantor testified that his notes indicated the lump had doubled in size, but this was an error in the notes, the lump had not doubled in size, and if it had doubled then medical care which was not rendered would have been required. Henry Buenaga's testimony on the size of the lump in March, 1980, compared to the size in August, 1979, was disputed by Dr. Kantor and critical on the issue of liability. The ruling of the court on Henry Buenaga's testimony about having paid the bills interposed an impediment to Henry's credibility. By sustaining defendant's objection during closing argument, the court left the jury with only two possible inferences: (1) that Henry Buenaga lied during his testimony about having paid the bills, or, (2) that the bills were paid by someone else. The first inference is not supported by the evidence and the second is not relevant for jury consideration. In either event the erroneous ruling cannot be found not prejudicial and plaintiffs are entitled to a new trial.

■ The first inference is clear. The second depends upon the collateral source rule. It was established in Missouri by *Kickham v. Carter*, 335 S.W.2d 83 (Mo. 1960) and provides that a wrongdoer is not entitled to have the damages for which he may be liable reduced by proving that plaintiff has received compensation from a collateral source. *Iseminger v. Holden*, 544 S.W.2d 550, 552 (Mo. banc 1976). The trial court correctly refused defendant's offer of proof that insurance paid some of the bills. Under the collateral source rule such evidence was irrelevant. For purposes of the trial all that was relevant on the extent of the bills caused by a breach of duty of defendant physician, if any, was that the provider of necessary medical services was paid, either directly or indirectly. Plaintiffs were entitled to argue on the basis of the evidence that the bills were paid if they were directly paid by Henry Buenaga or indirectly by insurance benefits purchased by payment of premiums.

■ Defendant argues that even if the ruling was erroneous no prejudice resulted. The possibility of prejudice because of the error of fact has already been noted. If the court sustained the objection on the basis that payments by a collateral source are not recoverable then the error is presumed prejudicial. *Kickham* at 90. Although the jury never reached the issue of damages, this court cannot determine the ruling was not an adverse comment on husband's credibility on the issue of liability or a misapplication of the prohibition created by the collateral source rule. At best, the issue was only a factor in the jury's liability decision. At worst, the issue thoroughly impeached all of Henry Buenaga's testimony on the matter of liability. The remedy is a remand for a new trial.

Because this case will be retried some of plaintiff's other issues are reviewed.

Plaintiffs claim that the court permitted defendant to argue a negative inference from failure to call treating physicians to testify. We find the objection made at trial insufficient to preserve error. The objection was general and not specific, thus the claim of error is not reviewable. *Arie v.*

*Intertherm,* 648 S.W.2d 142, 155 (Mo.App. 1983).

Plaintiffs also claim error for permitting defendant to argue that defendant doctor was served with lawsuit papers in his office. Here also no specific objection was made during trial and the error was not preserved in the motion for new trial. Rule 78.07.

 Finally, plaintiffs claim error in permitting deposition testimony at trial which tended to prove that the marriage of Henry and Betty Buenaga was not stable. We find no abuse of discretion in admission of this evidence. *Powell v. Norman Lines, Inc.,* 674 S.W.2d 191, 197 (Mo.App.1984). The evidence was relevant on the issue of damages. Furthermore, the record on appeal discloses no objection at trial. There is no preserved error on this point. Rule 84.13(a).

We reverse and remand for a new trial.

PUDLOWSKI, P.J., and CRANDALL, J., concur.